AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED
APR 24 2019
David J. Bradley, Clerk of Court

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>information associated with User ID: 448760026 and/or email account: rick5408.rh@gmail.com that is stored at premises controlled by Dropbox, Inc. | Case No. **G-19-061** |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A.

located in the ___Northern___ District of ___California___, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 2252, 2252(A) et seq. | Possession, Receipt, Distribution of Child Pornography |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ___) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

DeWayne Lewis, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 24, 2019

*Judge's signature*

City and state: Galveston, Texas

Andrew M. Edison, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH DROPBOX USER ID: 448760026 AND/OR EMAIL ACCT: rick5408.rh@gmail.com THAT IS STORED AT PREMISES CONTROLLED BY DROPBOX, INC. | Case No. **G-19-061** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, DeWayne Lewis, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with certain accounts that is stored at premises owned, maintained, controlled, or operated by Dropbox, Inc., a company headquartered at 333 Brannon Street, San Francisco, California 94107. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Dropbox, Inc. to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, a government-authorized person will review that information to locate the items described in Section II of Attachment B.

2. I am a Special Agent (SA) with the Department of Homeland Security, Immigration and Customs Enforcement (ICE), assigned to the Homeland Security Investigations (HSI) office in Galveston, Texas. I have been so employed since June 2002. As part of my duties as an ICE Special Agent, I investigate criminal violations related to child exploitation and child

pornography, including violations pertaining to online extortion and/or stalking, adults attempting to meet with juveniles for sexual encounters, and the production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 875(d), 2422(b), 2251, 2252, 2252A and 2261A(2). I have received training in the area of child pornography and child exploitation, and I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256)[1] in all forms of media, including computer media. I have participated in the execution of numerous search warrants and covert operations involving child exploitation and the online solicitation of minors, many of which involved child exploitation and/or child pornography offenses. I am in routine contact with experts in the field of computers, computer forensics, and Internet investigations. I annually attend the Dallas Crimes Against Children Conference where I attain various investigative training. I am currently a member of the Houston Metro Internet Crimes Against Children Task Force. This task force includes prosecutors and members of multiple police agencies across the southeast/coastal Texas and Houston metro regions.

3. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

---

[1] "Child Pornography means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where – (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; . . . [or] (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct." For conduct occurring after April 30, 2003, the definition also includes "(B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from that of a minor engaging in sexually explicit conduct," 18 U.S.C. § 2256(8).

4. Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18 U.S.C. §§ 2252(a)(4)(B) and 2252A(a)(5)(B), et seq., which make it a crime to possess child pornography, violations of Title 18 U.S.C. §§ 2252(a)(2) and 2252A(a)(2), et seq., which make it a crime to receive/distribute child pornography in interstate commerce by computer, and violations of 18 U.S.C. §§ 2252(a)(1) and 2252A(a)(1), et seq., which make it a crime to transport or ship child pornography in interstate commerce have been committed by the suspect using email address rick5408.rh@gmail.com and Screen/User name "John Appleseed" with Dropbox User ID: 448760026. There is also probable cause to search the information described in Attachment A for evidence, contraband, instrumentalities and/or fruits of these crimes, as described in Attachment B.

### DROPBOX

5. Dropbox is a service that allows its users to store files on Dropbox's servers. According to the Dropbox privacy policy, Dropbox collects and stores files that are uploaded, downloaded, or accessed with the Dropbox service. Dropbox also collects logs, which includes information from the customer's device, its software, and customer activity using the Dropbox services. That information can include the customer's device's Internet Protocol ("IP") address, browser type, the web page the customer visited before he went to the Dropbox website, information searched for on the DropBox website, locale preferences, identification numbers associated with the customer's devices, their mobile carrier, date and time stamps associated with transactions, system configuration information, metadata concerning a customer's files, and other interactions with the Drobox services. Dropbox is a free service that allows customers to bring all their files, photos, documents, and videos anywhere. That means that any file a

3

customer saves to their Dropbox account will automatically be accessible via all of the customer's computers, phones and even the Dropbox website.

## PROBABLE CAUSE

6. The Houston Metro Internet Crimes Against Children (ICAC) Task Force received information about suspicious activity from a cloud service company named Dropbox, Inc. Dropbox reported to the National Center for Missing and Exploited Children (NCMEC) on December 10, 2018, that someone was using their cloud services to store or transfer suspicious images of nude minors via the internet. Dropbox viewed 27 files and provided those images to NCMEC. The report was forwarded to the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (HSI) office in Galveston, Texas. HSI Special Agent DeWayne Lewis received and reviewed the report. There were 27 suspicious files that consisted of images and videos depicting nude minor children exposing their genitals and/or engaging in sexual activity. The Dropbox customer information associated with the account was, in part:

> Email Address: rick5408@hotmail.com
> Screen/User Name: John Smith
> User ID: 656585863

7. Special Agent Lewis examined the suspicious files that Dropbox viewed and reported to NCMEC from "John Smith's" Dropbox activity. The following examples met the federal definition of child pornography and are from that collection of files:

> partial title: <u>8c0474f3…mp4</u>: was a color video that depicted a topless Caucasian minor female, approximately 4-7 years old, lying on her back while an adult Caucasian male wearing light blue shorts inserted his erect penis into the minor's mouth, continued masturbating and ejaculated into the girl's mouth and on her chest for the camera's view.

title: <u>000001420 2 (1).wmv</u>: was a color video that depicted a nude Caucasian minor female, approximately 6-8 year old, lying prone on her back while an adult Caucasian male wearing a light blue shirt inserted his erect penis into the minor's anus for the camera's view.

8. Special Agent Lewis had a federal search warrant served on Dropbox on February 5, 2019, for documentation and file contents. Dropbox responded with the requested information on February 13, 2019. SA Lewis reviewed the logs, folder titles and the files contained within them. Some of the folder titles included, in part:

| | | |
|---|---|---|
| 11 year old boy | 12 year old girl | 13 year old girl |
| 14 year old boy | guys 12 year old sister | Under 10 – 12 |
| kids | young | young boys |
| young girls | young girls 2 | young videos |

9. Special Agent Lewis reviewed the image and video files that consisted mostly of minor children displaying their genitals or performing sexual acts alone, with other children or with adults. Two of those examples that met the federal definition of child pornography are listed below, in part:

title: <u>Video Jun 19, 6 32 59 AM.mp4</u> was a color video in a bedroom setting that depicted a Caucasian minor female approximately 10-11 years old wearing black socks next to a nude Caucasian adult male lying in front of the minor on the bed while he masturbated. The video continued as the adult male pressed his erect penis against the minor's mouth as he ejaculated.

title: <u>Photo Aug 22, 8 54 31.jpg</u> was a color photo that depicted a Caucasian infant approximately 8-12 months old wearing only an orange shirt while an adult Caucasian hand held her right leg apart to expose her vagina for the camera's view.

10. Special Agent Lewis, along with the Houston Metro ICAC and Dickinson Police Department, executed a federal search warrant at suspect Richard Howard's residence in Dickinson, Texas on March 19, 2019. Agents made contact with Richard Howard (DOB:

7/17/94), who agreed to cooperate and answer questions. Although Howard was not under arrest and speaking voluntarily, Detective Cecil Arnold, a fellow-member of the ICAC Task Force, read the Miranda warnings to Mr. Howard, which he stated that he understood. During the course of questioning, Howard stated that he had an old hotmail email address that he didn't use anymore and his current email address was rick5408.rh@gmail.com. He explained that he had stopped using his iPhone a few months ago after a relative reported him to police for harassment. Howard acknowledged that he had both an old and new Dropbox account. Detective Arnold showed Howard some examples from his Dropbox collection of nude children's photographs, one of which he recognized and stated that it was probably still in his old Dropbox account, explaining that someone had sent them to him. Howard stated that he was curious about what child pornography really was and people he was chatting with would send him examples.

11. Howard stated that he had a new Dropbox account connected with his new gmail email address, that he had received child pornography from unknown chatters about a dozen times and some of those images could still be in his current Dropbox account. Howard described the harassment scenario with an adult female relative as a situation where he insisted she answer questions about what color bra and panties she was wearing, or else he would rape her minor child. Howard denied molesting or photographing nude children, but when he was asked if he'd ever taken photos of children because "they had cute butts," Howard stated, "yeah, 'candid' is what they're called." When asked if he had ever sent child pornography from his Dropbox to anyone else, he said, "I might have." Howard stated the he knew the child pornography was illegal and when asked if he'd reported the people sharing child pornography with him to the police, he replied, "No, but I probably should have."

12. SA Lewis acquired a copy of the police report filed with the Laporte, Texas Police Department by Howard's adult female relative. The report was filed on December 13, 2018. The complainant reported that she had received a message via Instagram from username "John_Smith5937" that read, "If you dont Answer my Questions or block me I will rape your daughter _____" (name of minor victim redacted). The complainant stated that a second message read, "Maybe I should rape her she is sexy." The complainant also received a call from a private number and when she answered, the male caller said, "what color bra are you wearing, I'm jerking my cock right now," and she hung up, believing it was related to the previous Instagram message. Laporte Police Department Detective Kelly Green met with Howard in person on January 24, 2019, and Howard admitted in a non-custodial interview that he had sent the messages to his adult female relative cousin and a subsequent friend request to her minor child via Snapchat.

13. On April 2, 2019, SA Lewis had a summons served on Dropbox for subscriber information related to Howard's new account linked to his newer email address, rick5408.rh@gmail.com. Dropbox responded on April 5, 2019, with the following information, in part:

    Name: John Appleseed
    Email: rick5408.rh@gmail.com
    User ID: 448760026

## **CHARACTERISTICS COMMON TO INDIVIDUALS WITH A SEXUAL INTERST IN CHILDREN**

14. Based upon my own knowledge, experience, and training in child exploitation and child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to

7

individuals involved in the sexual exploitation of children which includes the distribution, receipt, possession and collection of child pornography:

15. Individuals with a sexual interest in children receive sexual gratification, stimulation, and satisfaction from contact with children, or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media, or from literature describing such activity.

16. Individuals with a sexual interest in children collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media. Individuals with a sexual interest in children oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower, or "groom," the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

17. Individuals with a sexual interest in children almost always possess and maintain their "hard copies" of child pornographic material, that is, their pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their home, email account or in "virtual" storage, like in the iCloud or Dropbox.com. Individuals with a sexual interest in children typically retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years.

18. "Child erotica," as used in this Affidavit, is defined as materials or items that are sexually arousing to certain individuals but which are not in and of themselves obscene or do not necessarily depict minors in sexually explicit poses or positions. Such material may include non-

8

sexually explicit photographs (such as minors depicted in undergarments in department store catalogs or advertising circulars), drawings, or sketches, written descriptions/stories, or journals.

19. Likewise, Individuals with a sexual interest in children often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area or "virtual" storage. These collections are often maintained for several years and are kept close by, or remotely accessible, usually at, or via, the collector's residence, to enable the collector to view his collection, which is highly valued.

20. Individuals with a sexual interest in children also may correspond with and/or meet others to share information and materials; rarely destroy correspondence from other child pornography distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in sex with children or child pornography.

21. Individuals with a sexual interest in children prefer not to be without their child pornography, or prohibited from its' access, for any prolonged time period. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

22. Individuals with a sexual interest in children often have had, or continue to maintain, multiple email and social media accounts. It is common for such individuals to control multiple email addresses in their attempts to remain anonymous or thwart law enforcement's efforts to investigate their illicit activity. Some individuals will create an account to imply that they are of a different age or sex depending on what their online intentions are, or to pose as a person a potential victim already knows. Some individuals with a sexual interest in children will

open multiple accounts, whether they be for email, social media or remote storage, with common denominators that can be identified by the host company that operates that medium. For example, a person with a sexual interest in children may create and maintain several different email accounts, but use the same email address as a "recovery" or "verifier" email account. Those individuals will use the same technique for new social media, email or virtual storage accounts when their original ones are compromised or shut down.

23. Individuals with a sexual interest in children often maintain contact information from their trusted sources or like-minded individuals. They also block, cancel or "unfriend," contacts that they perceive pose a threat to their illegal activity or have not maintained good standing. For example, another individual with a sexual interest in children, but prefer children of a different age range or ethnicity, might be blocked by the other. They may also block a person who threatens to contact a parent or the police about their online activity. Likewise, a victim of coercion, enticement and/or sexual exploitation may block a suspect who is attempting to further victimize them.

24. Based upon my training, knowledge and experience in investigations related to child exploitation and my conversations with other law enforcement officers who have engaged in numerous investigations involving child pornography and exploitation, I am aware that individuals who access paid subscription or free sites offering images and/or videos depicting child pornography do so for the purpose of downloading or saving these images to their hard drive or other storage media so that the images and videos can be added to their collection. I know that individuals involved in the distribution of child pornography also continue to obtain images of child pornography found elsewhere on the Internet such as newsgroups and websites, and via paid subscriptions, as well as their own "trophy photos" of sexual conquests involving

the exploitation of children.

25. Additionally, based upon my training, knowledge and experience in investigations related to child exploitation and child pornography cases, I am aware that individuals who have a sexual interest in children will oftentimes have a collection of child pornography and will ask children to take and send naked images of the themselves that would constitute child pornography as well as child erotica.

26. Furthermore, based upon my training, knowledge and experience in investigations related to child exploitation and child pornography cases, I am aware that individuals who have a sexual interest in children will oftentimes utilize social media such as Yahoo! Messenger, Snapchat, Skout, MeetMe, KIK Messenger, Tumblr, Instagram, Twitter and Facebook/Facebook Messenger and other online services to meet and communicate with minors. Individuals with a sexual interest in children know that social media allows for seemingly anonymous communication which they can then use to groom the minors and set up meetings in order to sexually exploit them.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

27. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Dropbox, Inc. to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## **CONCLUSION**

28. Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on Dropbox, Inc., who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

29. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction," as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A). Specifically, the Court "a district court of the United States . . . that – has jurisdiction over the offense being investigated."

30. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

Respectfully submitted,

_____
DeWayne Lewis
Special Agent
DHS/ICE/Homeland Security Investigations

Subscribed and sworn to before me on April __24__, 2019

_____
The Honorable Andrew M. Edison
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

**Property to Be Searched**

This warrant applies to information associated with Dropbox user ID: 448760026 and/or email address: rick5408.rh@gmail.com from the date of its creation through to the present that is stored at premises owned, maintained, controlled, or operated by Dropbox, Inc., a company headquartered at 333 Brannon Street, San Francisco, California 94107.

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be disclosed by Dropbox.com**

To the extent that the information from the date of creation through to the present described herein is within the possession, custody, or control of Dropbox including any add/edit/delete logs, emails, records, files, other logs, or information that have been deleted but are still available to Dropbox, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Dropbox is required to disclose the following information to the government for each account or identifier listed:

a. All other old or new accounts, with their contents and logs, utilized by the same customer.

b. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit card or bank account numbers);

c. Log files

d. The types of service utilized;

e. All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

f. All records pertaining to communications between Dropbox, and any person regarding the account, including contacts with support services and records of actions taken.

II. **Information to be seized by the government**

All information from the date of creation through to the present described above that constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. §§ 2252 and 2252A, involving **user ID: 448760026** and/or email account "**rick5408.rh@gmail.com**," including, for each account or identifier listed, information pertaining to the following

matters:

a. All images depicting children engaging in sexually explicit conduct as defined in 18 U.S.C. § 2256

b. All electronic communications regarding children engaging in sexually explicit conduct;

c. All communications with potential minors involving sexual topics or in an effort to seduce the minor.

d. Any evidence that would tend to identify the person using the account when any of the items listed in subparagraphs a-c were sent, read, copied or downloaded.

e. Records relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts.

### IV. Method of Delivery

Dropbox shall disclose items seized pursuant to this search warrant by sending (notwithstanding Title 18, United States Code, Section 2252A, or similar statute or code) to the listed Special Agent. Dropbox shall disclose responsive data, if any, by delivering on any digital media device via the United States Postal Service or commercial interstate carrier c/o Special Agent DeWayne Lewis, Homeland Security Investigations, 601 Rosenberg Avenue, Suite 201, Galveston, Texas 77550.